UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MERLE CYRILLA JESSAMY and JERRY KIRKSEY,

                Plaintiffs,

           -against-

THE CITY OF NEW YORK, DETECTIVE JOHN
HOURICAN (Shield 6119, Narcotics Borough Manhattan
North), and OFFICERS & SUPERVISORY OFFICERS
JOHN & JANE DOES 1-5,

                Defendants.
------------------------------------------------------------------------X

**13 CV 2906 (PAE)**

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiffs **MERLE CYRILLA JESSAMY and JERRY KIRKSEY,** by their attorney, Joel Berger, Esq., for their complaint allege, upon information and belief, as follows:

### NATURE OF THE ACTION

    1.    This is an action to recover money damages arising out of defendants' violation of plaintiffs' rights under the Constitution and laws of the United States and the State of New York, including false arrest, false imprisonment and malicious prosecution.

### JURISDICTION AND VENUE

    2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

    3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

    4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

### PENDENT JURISDICTION

    5.    This Court also has jurisdiction over plaintiffs' state law claims, pursuant to its pendent or supplemental jurisdiction as codified in 28 U.S.C. § 1367.

6. On March 25, 2013, within ninety days after the claims alleged in this complaint arose, plaintiffs served a verified Notice of Claim upon the Comptroller of the City of New York pursuant to General Municipal Law § 50-e.

7. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claims has been neglected or refused by defendant City of New York.

8. This action is being commenced within one year and ninety days after the happening of the events upon which the claims are based.

### JURY DEMAND

9. Plaintiffs demand trial by jury in this action.

### PARTIES

10. Plaintiffs **MERLE CYRILLA JESSAMY** and **JERRY KIRKSEY** are citizens of the United States and residents of the State of New York. They reside at 117 East 118th Street, Apartment 204, New York, NY 10035.

11. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the New York City Police Department (NYPD), a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

12. At all times relevant herein, defendant Detective John Hourican (Shield 6119) was a detective employed by the NYPD, assigned to Narcotics Borough Manhattan North..

13. At all times relevant herein, defendants John and Jane Does 1-5 were officers or supervisory officers employed by the NYPD. Plaintiffs believe that they were also assigned to

2

Narcotics Borough Manhattan North. Plaintiffs do not know the real names and shields numbers of defendants John and Jane Does 1-5.

14. At all times relevant herein, defendants Hourican and John and Jane Does 1-5 were acting as agents, servants and employees of defendant City of New York and the NYPD.

15. At all times relevant herein, all defendants were all acting under color of state law.

*FACTS*

16. On Thursday, March 14, 2013, at approximately 4:30 – 5:00 A.M., plaintiffs' dwelling was raided by numerous NYPD officers who took them into custody at the 25th Precinct and later transported them to Manhattan Central Booking, where they remained until approximately 2:00 - 3:00 A.M. on Friday, March 15. They were then released from Manhattan Central Booking without having to appear before a judge -- after approximately 22 hours of imprisonment -- because the New York County District Attorney's office declined to prosecute them.

17. The officers broke through plaintiffs' door in the pre-dawn hours of March 14, 2013, in riot gear with helmets and visors, and with firearms drawn.

18. The officers claimed to have a search warrant, but the warrant targeted only plaintiffs' 18 year-old foster daughter, Breonna Gaddy.

19. The officers nonetheless immediately handcuffed both plaintiffs as well as Ms. Gaddy and Ms. Jessamy's daughter Precious Morrison (age 28), and took them all out of the apartment and into a hallway. They remained handcuffed in that hallway for approximately 1½ - 2 hours.

20. A thorough and destructive search of the apartment turned up no contraband

whatsoever, except for a taser that was found when the officers illegally opened and searched Ms. Morrison's pocketbook, which was in a bedroom occupied by her alone.

21.     Plaintiffs had a separate bedroom, and no contraband was found there or in any common area of the apartment or anywhere else in the apartment.  (Ms. Gaddy slept on a couch in the living room.)

22.     The officers nonetheless arrested plaintiffs as well as Ms. Morrison.  (They also arrested Ms. Gaddy for alleged prior activities unrelated to the search.)

23.     Plaintiffs were marched in public in the street in handcuffs to the 25th Police Precinct, 120 East 119th Street, where they were placed in squalid holding cells and denied any food.  They were photographed and fingerprinted.

24.     Defendant Hourican charged Ms. Jessamy with possession of the taser (P.L. § 265.01), even though it was in Ms. Morrison's pocketbook in a bedroom occupied by Ms. Morrison alone, and with felony conspiracy (P.L. § 105.10).  The arrest number for Ms. Jessamy was M2013623363.

25.     Detective Hourican charged Mr. Kirksey solely with felony conspiracy (P.L. § 105.10). h.

26.     At approximately 3:00 – 4:00 P.M. on March 14, 2013, plaintiffs and several other prisoners were herded in chains into a police van and taken to Manhattan Central Booking, where they were placed in other squalid holding cells.  Plaintiffs were again photographed and fingerprinted.

27.     Plaintiffs were in custody until the next morning, when the Manhattan District Attorney's Office declined to prosecute either one of them.

28.     The foster daughter, Ms. Gaddy, had been charged with felony conspiracy (P.L. §

105.10), but there was absolutely no evidence that either plaintiff had anything to do with any conspiracy -- simply living in the same apartment as Ms. Gaddy was hardly sufficient -- and there obviously was no connection whatsoever between Ms. Jessamy and the taser.

29. Plaintiff Jerry Kirksey was released, without having to appear before a judge, at approximately 2:00 A.M. on March 15, 2013. He had been in custody for approximately 21½ hours.

30. Plaintiff Merle Cyrilla Jessamy was released, without having to appear before a judge, at approximately 3:00 A.M. on March 15, 2013. She had been in custody for approximately 22½ hours.

31. During her imprisonment plaintiff Jessamy suffered from extreme physical and emotional stress, as she has an enlarged heart and did not have access to her medication. She has never been convicted of a crime, and the experience has left her very shaken emotionally. She is unable to sleep and is afraid to be in her apartment alone.

32. The search caused extensive damage to property including plaintiffs' front door, Mr. Kirksey's expensive mobile phone and game console, and a radiator within the apartment.

33. Defendants also confiscated $3,480 in cash belonging to plaintiffs, and it has not yet been returned even though the District attorney's office has provided a release stating that the funds are not needed as evidence in any matter.

### *FIRST CLAIM FOR RELIEF*

34. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-33.

35. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, and Fourteenth Amendments to the Constitution of

5

the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### *SECOND CLAIM FOR RELIEF*

36. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-33 and 35.

37. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police detectives and police officers.

38. The failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police detectives and police officers constitutes gross and deliberate indifference to unconstitutional conduct by those individuals.

39. The official policies, practices and customs of the City of New York and the NYPD, alleged in ¶¶ 1-33, 35 and 37-38 violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

### *THIRD CLAIM FOR RELIEF*

40. Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-33, 35, and 37-39.

41. The conduct toward plaintiffs alleged herein constituted false arrest, false imprisonment, malicious prosecution, the intentional, willful and malicious infliction of severe physical, mental and emotional distress, and employee negligence.

42. The conduct toward plaintiffs alleged herein subjected them to trauma, shock, debasement, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, and suffering.

## *FOURTH CLAIM FOR RELIEF*

43.     Plaintiffs repeat and reallege the allegations contained in ¶¶ 1-33, 35, 37-39 and 41-42.

44.     At all times relevant herein, the individual defendants were on duty and were acting within the scope of their employment as agents, servants and employees of the City of New York, which is therefore responsible for their conduct under common law, state law and Article I, §§ 1, 5, 6, 11 and 12 of the Constitution of the State of New York.

## *PRAYER FOR RELIEF*

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a)     Compensatory damages against all defendants, jointly and severally;

(b)     Punitive damages against all individual defendants, jointly and severally;

(c)     Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

(d)     Such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 30, 2013

/s/ Joel Berger
**JOEL BERGER**
360 Lexington Avenue, 16th Fl.
New York, New York 10017
(212) 687-1425

**ATTORNEY FOR PLAINTIFFS**